## JOE MOORE v. THE STATE.

### *No. 302.   Decided April 11.*

**Assault to Murder—Plea of Former Conviction—Robbery.**—On a trial for assault with intent to murder, where it appeared that at a preceding day of the term of court defendant was convicted of the offense of robbery, and by the same violence from the person on whom this assault is alleged to have been committed, and which said conviction he pleaded in bar to this prosecution, *Held*, if the same violence and assault were relied on in both cases, or if the two offenses constituted but one continuous transaction in which the appellant perpetrated the *robbery by the assault*, this prosecution could not stand—that the *former* conviction would be a bar to the latter, and hence error in the court below to strike out such plea.

APPEAL from the District Court of Hayes.   Tried below before Hon. H. TEICHMULLER.

Appellant Joe Moore was, by indictment, charged with the offense of assault with intent to murder one Sam Simon on the 4th day of April, 1893.   He was convicted of said offense, and his punishment assessed by the jury at seven years' confinement in the State penitentiary, from which judgment he prosecutes this appeal.

Defendant pleaded, in bar of this prosecution, that he had already, at a previous day of this term of the court, been tried and convicted for robbery, it being one and the same transaction as the assault with intent to murder for which he stands indicted in this case.   On motion of the district attorney, this plea of former conviction was stricken out by the court.

The correctness of this ruling being the only question decided on appeal, it becomes unnecessary to make a statement of the case.

*Gustave Cook* and *Owen Ford*, for appellant.—1. The plea of former conviction in bar of this prosecution was good in law, and should have been sustained by the court and the evidence heard upon it as a matter of constitutional and legal right.

2. The trial in this cause developed the same evidence identically as that on appellant's trial for robbery, pleaded in bar thereof; hence the court should have sustained his plea of former conviction and allowed proof to sustain it.

3. The State can not be allowed to convict appellant of robbery, and then carve out of it the offense of assault with intent to murder,

and upon identically the same evidence have another and separate conviction of assault with intent to murder. Wilson v. The State, 45 Texas, 77, 78; Quitzow v. The State, 1 Texas Crim. App., 53–56; Addison v. The State, 3 Texas Crim. App., 43; Hozier v. The State, 6 Texas Crim. App., 544, 545; Hudson v. The State, 9 Texas Crim. App., 153–155; Hirshfield v. The State, 11 Texas Crim. App., 216; Adams v. The State, 16 Texas Crim. App., 170, 171; Wright v. The State, 17 Texas Crim. App., 158; Grisham v. The State, 19 Texas Crim. App., 510–514; Alexander v. The State, 21 Texas Crim. App., 409; Shubert v. The State, 21 Texas Crim. App., 454; Willis & Boyd v. The State, 24 Texas Crim. App., 588, 589; Simco v. The State, 9 Texas Crim. App., 349; Wilcox v. The State, 40 Am. Rep., 52–55.

4. Without the assault, violence, and putting in fear, the acquisition of the property would not be robbery; and having used it to make the acquisition robbery, its criminal vitality or effect is exhausted, and to carve it out and make it assault with intent to murder is twice convicting for the same offense.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The assault to murder, of which appellant was convicted, was alleged to have been committed upon one Sam Simon. At a preceding day of the term of court he was convicted of the offense of robbery from the same person. In this case, in addition to his plea of not guilty, appellant pleaded such former conviction in bar of his prosecution. This plea was, upon exception made by the State, stricken out by the court, which ruling is assigned as error.

The plea avers, that "the offense charged against him in the indictment herein, and for which he is now being prosecuted, is one and the same transaction and offense, and not other and different transactions and offenses." The indictment in the robbery case alleged it to have been committed by assault, by violence, and by putting in fear of life or bodily injury. If this assault amounted to an intent to murder Simon, then the same facts must have been proved and relied on by the State to sustain the conviction of robbery. If the same violence and assault were relied upon in both cases to sustain conviction, then the plea was well grounded; or if it was one continuous transaction in which appellant perpetrated the robbery by the assault, the prosecution could come but once. It has been well said, that "the assault or violence in the robbery case being an essential element or ingredient of the offense, and constituting an important and material part of that offense, as it does in the offense of assault with intent to commit murder, and having been once punished in the robbery case, as a material part thereof, it can not be again punished, as it would be if

the judgment below were allowed to stand." Wilcox v. The State, 6 Lea, 571.

For the error of the court in sustaining the exception to the plea of former conviction, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.