## JAMES SCOTT v. THE STATE.

### No. 1827. Decided December 21, 1898.

**1. Forgery—What Instruments Are Subjects of—Pleading.**

Any instrument purporting to be a complete pecuniary obligation upon the part of the maker is the subject of forgery. If the instrument is absolutely void upon its face it can not be made the subject of forgery; and if the legality be doubtful, and by proper allegations its legality is capable of being shown to the court, it is the subject of forgery.

**2. Same—Good Test.**

A good test as to whether an instrument is the subject of forgery is, would it create a pecuniary liability upon the purported maker if it were genuine?

**3. Same.**

An instrument, to be the subject of forgery, need not injure or defraud anyone. If it was done with intent to injure or defraud anyone with relation to money or property, it is the subject of forgery.

**4. Same—Indictment Inconsistent, Incongruous, and Bad.**

An indictment for forgery is inconsistent, incongruous, and bad which, after alleging that the instrument was false and puported to be the act of one D., further alleged that "the above instrument of writing, signed as aforesaid by D., did create a pecuniary obligation," etc. If the instrument was false and forged, then it did not and could not create a pecuniary obligation.

**5. Same—Allegation and Proof—Variance.**

Where an indictment for forgery set out an instrument purporting to be signed by D., "train master," and the proof showed that D. was a "train dispatcher," Held, the variance was immaterial.

**6. Same.**

Where the instrument purported to be signed by a railroad official, it is immaterial whether it was intended or not to be the obligation of the railroad, so long as it was evidently intended as a personal obligation of the purported maker.

**7. Forgery and Swindling.**

A party might be guilty of both swindling and forgery in the same transaction; but, if the proof showed that it might be both, a prosecution for forgery, and not swindling, would be proper under our statute.

APPEAL from the District Court of Bexar. Tried below before Hon. I. L. MARTIN, Judge of the Thirty-eighth Judicial District, on exchange with Hon. ROBERT B. GREEN.

Appeal from a conviction for forgery; penalty, two years imprisonment in the penitentiary.

The indictment is set out in the opinion. A motion to quash the indictment was overruled in the trial court.

*John R. Cushman* and *Camp & Camp*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The charging part of the indictment is as follows:

That James Scott, "without lawful authority, and with intent to injure and defraud, did willfully and fraudulently make a false instrument in writing, purporting to be the act of another, to wit, the act of J. H. Douglas, train master, which said false instrument is to the tenor following:

" '3 M 4 A

" 'Galveston, Harrisburg & San Antonio Railway Co.

" 'SAN ANTONIO 3/7/1898

" 'Mrs. M. Clemens,

     " 'Madame

         " 'This will be handed you by Mr. James Scott, who has been put on the Ex list as brakeman   I will see you secured

" 'J. H. DOUGLAS
" 'Train Master.'

"The above instrument of writing, signed, as aforesaid, by J. H. Douglas, train master, did create a pecuniary obligation, in this, to wit, Mrs. M. Clemens had rooms to rent for pay in the city of San Antonio, Bexar County, Texas, and the order to her as aforesaid authorized the said Mrs. M. Clemens to let James Scott have a room for sleeping purposes on credit, and that he, the said J. H. Douglas, train master, would pay for such room rent in case it was not paid by the said James Scott. By the figures '3/7/1898' is meant the 7th day of the month of March, 1898. By the words 'Ex list as brakeman' is meant that the said James Scott has been employed by the Galveston, Harrisburg & San Antonio Railway Company as an employe who would be called in by the said Galveston, Harrisburg & San Antonio Railroad Company as a brakeman in the event of extra work being done by the said Galveston, Harrisburg & San Antonio Railroad Company, or to take the place of a regular employe of the said Galveston, Harrisburg & San Antonio Railroad Company. By the words 'I will see you secured' is meant that the said J. H. Douglas, train master, would see that the said Mrs. M. Clemens was secured and paid for anything that the said James Scott would receive from her. By the word 'Train Master' is meant a person who has charge of all trainmen in the transportation department of the Galveston, Harrisburg & San Antonio Railway Company. Against the peace and dignity of the State."

Appellant contends (1) that this is not such an instrument as on its face is the subject of forgery; and (2) that the explanatory averments do not make it such an instrument. The rule on this subject is as follows: Any written instrument which, if genuine, would be valid for the purpose intended, and which would, if true, create, increase, discharge, or defeat a pecuniary obligation, or would transfer or in some manner affect property, can be made the basis of indictment for forgery. If the instrument is absolutely void upon its face, it can not be made

the subject of forgery; and if the legality be doubtful, and by proper allegations its legality is capable of being shown to the court, it is the subject of forgery. See article 537, White's Ann. Penal Code, sec. 892, and authorities there cited. The pleader concedes here that the instrument on its face, without explanatory averments, would not appear to be the subject of forgery, but by explanatory averments it is the subject of forgery; and he proceeds to set out these explanatory averments. He shows therein that the Mrs. M. Clemens named had rooms to rent for pay in the city of San Antonio, and that the instrument purported to be an order from J. H. Douglas, train master, to let Mr. James Scott, who was an extra brakeman of the Galveston, Harrisburg & San Antonio Railway Company, have a room, and that he would see her (Mrs. Clemens) secured; that is, paid for said room. This was proper practice. See Daud v. State, 34 Texas Crim. Rep., 460; Cagle v. State, 39 Texas Crim. Rep., 109.

Appellant contends that a suit for room rent could not be maintained by Mrs. Clemens against J. H. Douglas for the rent of said room, if said instrument were genuine. This is a good test. But we can not agree to the contention of appellant in regard to this construction of the instrument. We feel sure that a recovery for room rent could be maintained by proper allegations on such instrument, if genuine. Appellant cites us to the case of Carder v. State, 35 Texas Criminal Reports, 105, as authority. Said case only goes to the extent of holding that when an instrument on its face shows that it is not complete, but conditional, and something yet remains to be done before it is a complete instrument, in its incomplete state it is not the subject of forgery. That is not the character of this instrument. It is complete, and, if it had been properly explained by averments, was intended as a complete obligation on the part of J. H. Douglas, train master, to stand good for the room rent of appellant. It was not necessary to set out the amount of room rent due. It was a fact accruing after the execution of the instrument. An instrument, to be the subject of forgery, need not injure or defraud anyone, but, if it was done with intent to injure or defraud anyone with relation to money or property, it is the subject of forgery.

We have treated this subject hitherto as if the explanatory averments were all properly alleged, but our attention is called to an incongruity in the averments describing the instrument. Appellant insists that the indictment is vicious, because it alleged in the explanatory averments thereof "that the above instrument of writing, signed, as aforesaid, by J. H. Douglas, train master, did create a pecuniary obligation," etc.; that this allegation makes the instrument a genuine one, because it says it was signed by J. H. Douglas. The indictment alleges distinctly in the charging part, before setting out the instrument, that appellant "did willfully and fraudulently make a false instrument in writing, purporting to be the act of another, to wit, the act of J. H. Douglas, train master," which said instrument is then set out by its tenor. Following close on the heels of this, the pleader alleges "that the above instrument

of writing, signed, as aforesaid, by J. H. Douglas, train master, (did create a pecuniary obligation," etc. If the instrument was forged, as set out in the beginning of the charging part of the indictment, then it did not create any pecuniary obligation; but in this subsequent clause appellant distinctly avers that it did create a pecuniary obligation. We have no doubt that the pleader intended to say that, if the said instrument was a genuine instrument, it was of a character to create a pecuniary obligation. But the pleader did not do this, and we can not hold that an indictment so contradictory and repugnant in its terms in material matters is a good indictment.

The State proved the explanatory averments contained in the indictment, and, moreover, proved how said instrument came to be tendered to Mrs. M. Clemens by appellant; that he applied to her for a room, and was informed that he would have to pay for or secure the same.. He told her he neither had money nor baggage, and asked her, if he obtained an order from J. H. Douglas, train master, would that be security. She informed him that it would, and, a few hours subsequent thereto, he brought her the instrument in question. It is insisted by appellant that inasmuch as J. H. Douglas was not train master of the railroad, but train dispatcher, there was a variance in the proof. It was proved, however, that J. H. Douglas was called by some of the railroad employes "train master." Aside from this proof, we think it would be immaterial whether or not he was train master. Even if his name was a fictitious one, it might be the subject of forgery.

It is further insisted that, because the proof showed that the Galveston, Harrisburg & San Antonio Railway did not issue instruments of that character for room rent or board, consequently it was not the subject of forgery. Whether or not it was or was intended to be the obligation of the Galveston, Harrisburg & San Antonio Railway is immaterial. It was certainly the obligation of J. H. Douglas ,to secure Mrs. Clemens for the room rent of appellant. Nor does it matter, as insisted on. by appellant, that the transaction might make him guilty of swindling, but not of forgery. He might be guilty of swindling and forgery in the same transaction. If the proof, however, showed that it might be one or the other, then, under our statute, he would have to be prosecuted for forgery, and not for swindling. Hirshfield v. State, 11 Texas Crim. App., 207; Witherspoon v. State (Texas Crim. App.), 37 S. W. Rep., 433.

It is not necessary to discuss other assignments of error, but, because the indictment is incongruous and contradictory in its terms upon a material issue in the case, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*