### A. A. Ashmore v. The State.

#### No. 1596. Decided June 26, 1912.

#### Rehearing denied October 16, 1912.

#### 1.—Forgery—Charge of Court—Definition of Forgery.

Where, upon trial of forgery, the court gave an approved charge on the subject of forgery, there was no reversible error. Following Green v. State, 36 Texas Crim. Rep., 109, and other cases.

#### 2.—Same—Sufficiency of the Evidence.

Where the conviction of forgery was fully sustained by the evidence, and the transaction was not a case of swindling, the conviction will not be disturbed.

#### 3.—Same—Bill of Exceptions.

Where the bill of exceptions found in the record was not approved by the judge, the same could not be considered on appeal.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. G. Hunt,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary, from which judgment he has appealed to this court.

On or about February 15, 1910, the appellant went to the bank of Carbon, and applied to J. E. Spencer, cashier of the said bank, for a loan of $100. Spencer desired to know what security the defendant could and wished to give, whereupon the defendant stated that he would give a mortgage on two horses, and R. M. May as personal

security.  Spencer agreed to accept this security and made the loan, and in keeping with the said agreement the mortgage and note were drawn, and at the time and in the presence of J. E. Spencer and W. L. Spencer the said note and mortgage were signed by the defendant. The defendant then took the note, left the bank with the same, saying that he would secure the signature of R. M. May, and in due time return the said note to the bank.  On the following day the said note was duly returned by mail, and had on it the name of R. M. May, whereupon the note was accepted, and the defendant was sent, in due course of mail, a cashier's check, for the sum of $100, which was duly endorsed by the defendant, and same was collected, in due course of business by the defendant.

The alleged note was due August 15, 1910, and on August 17, 1910, the bank notified the defendant and R. M. May to come in and make payment, and in response to this notice, the defendant wrote the bank saying that he was mistaken as to the date of the maturity of the note, and that same would be paid within a few days.

The notice to R. M. May brought to light the fact that R. M. May had not signed the note.  Suit was instituted on the note, and the bank of Carbon took the ex parte depositions of the defendant. In testifying in 'the Justice Court the defendant denied that he had borrowed the $100 from the bank of Carbon, denied that he had received the $100, denied that he had executed the mortgage on the two horses, denied that R. M. May had signed any note to the bank of Carbon, of the tenor of the alleged forged note, denied the entire transaction in toto.  R. M. May denied the execution of the alleged forged note, and stated he had authorized no one to sign his name to the note.

J. E. Spencer and W. L. Spencer both testified to the defendant making the note, securing the $100 and the records of the bank of Carbon were introduced showing that the defendant secured the money on the note after the name of R. M. May had been signed thereto.

Appellant's first assignment of error is predicated upon one paragraph of the court's charge.  This presents no error as the court gave an approved charge on the subject of forgery.  The court instructed the jury that the making of a false instrument in writing to constitute forgery "must be done with intent to injure or defraud, and the injury must be such as affects one pecuniarily or in relation to his property.  But it is not requisite, in order to constitute this offense, that the accused, in committing it, intended to injure or defraud any particular person, or that any particular person was injured or defrauded by the forgery, but it must be shown by the evidence, beyond a reasonable doubt, that the intent of the accused was to injure or defraud some person in the manner stated."  Green v. State, 36 Texas Crim. Rep., 109, 35 S. W. Rep., 971; Scott v. State, 40 Texas Crim. Rep., 105, 48 S. W. Rep., 523; 19 Cyc., 1376.

Appellant's second, third and fifth assignments of error raise the question of the sufficiency of the evidence to support the verdict of the jury. A sufficient answer will be found in the synopsis of the evidence herein stated. The evidence fully supports the verdict, and makes a case of forgery, and not swindling. When he obtained the money by signing the name of another to the note unauthorized it was forgery.

The bill of exceptions found in the record not being approved by the judge, can not be considered by us.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 16, 1912.—Reporter.]