C. C. CALLOWAY, ALIAS CARL CALLOWAY, ALIAS BUSTER CALLOWAY, ALIAS B. C. CALLOWAY, ALIAS C. R. CALLOWAY, V. THE STATE.

No. 16197. Delivered January 17, 1934.
Rehearing Denied February 14, 1934.
Reported in 67 S. W. (2d) 872.

The opinion states the case.

*H. R. Bishop* and *McConnell & Morison,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of an automobile is the offense; penalty, assessed at confinement in the penitentiary for ten years.

The indictment contains an averment that prior to the commission of the present alleged offense, namely, on the 23rd day of March, A. D. 1927, the appellant was convicted of the theft of property over the value of fifty dollars in cause No. 30,493, in the Criminal District Court of Tarrant County.

It is averred in the document denominated "Defendant's

Motion to Set Aside Verdict and Judgment," that there was misconduct of the jury in discussing the appellant's failure to testify as a witness in his own behalf. The motion was over-ruled. It is supported by no recital of the facts but is simply a conclusion of the appellant expressed in verifying the motion.

Worth Boggeman, the alleged owner of the stolen property, testified to the loss of his automobile valued at $350.00, which was practically destroyed after the theft. Whether appellant was in possesion of the car at. the time it was wrecked was made an issue of fact upon which the jury passed.

A rehearsal of the testimony heard. upon the trial is not deemed desirable. Suffice it to say that it is sufficient to support the verdict of the jury finding the appellant guilty of the theft of an automobile.

The judgment showing the previous conviction of the appellant in accord with the averments of the indictment was introduced before the jury.

No bills of exception appear in the record.

There is no complaint of the charge of the court, nor have we perceived any fault or omission which would vitiate the verdict.

The penalty assessed is that prescribed in article 62, P. C., 1925, which reads as follows:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

See Walthall v. State, 109 Texas Crim. Rep., 26; Jenkins v. State, 118 Texas Crim. Rep., 556.

No fundamental or other error having been perceived or pointed out, the judgment is affirmed.

*Affirmed.*