R. D. ELLERD V. THE STATE.

No. 20784. Delivered January 24, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*Mahan & Broughton*, of Childress, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by indictment in the District Court of Childress County with the offense of having in his possession a forged instrument with the intent to use and pass the same as true. It is also alleged that appellant had been previously convicted in Baylor County on the 8th day of September,

A. D., 1937, for an offense of like character, to-wit, the offense of forgery. Evidence was submitted properly authorizing the jury to return the verdict complained of finding him guilty as charged in the indictment. The court then pronounced sentence fixing the penalty at five years' confinement in the state penitentiary.

Appellant states in his brief that there is only one question to be determined by this appeal and that is whether or not the record would support a conviction with the enhanced punishment as provided for under Article 62 of the Penal Code of Texas. The contention is that the article would not support the judgment under the allegations in the indictment and under the facts of this case for the reason that the offense of forgery is not "one of the same nature" as that for which the appellant was being tried. Article 62 of the Penal Code reads as follows: "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The indictment, so far as it is pertinent to the question at issue, reads as follows: "And the grand jurors aforesaid do further present that the said R. D. Ellerd, under the name of R. D. Ellerd, heretofore and prior to the commission by the said R. D. Ellerd of the offense hereinbefore charged against him, he, the said R. D. Ellerd, under the name of R. D. Ellerd, was duly and legally tried on the 8th day of September, 1937, upon an indictment charging an offense of like character, then and there legally pending against him, in the District Court of Baylor County, Texas, and which said court then and there had jurisdiction of said cause, the said cause being No. 2253 on the docket of said court and entitled the State of Texas vs. R. D. Ellerd and who was tried and convicted in said cause under the name of R. D. Ellerd and he, the said R. D. Ellerd was in said court then and there tried and convicted of an offense of like character as that hereinbefore alleged against him in and by this indictment, he having been convicted on the 8th day of September, A. D., 1937 in said cause No. 2253 of the offense of forgery and after the said felony conviction and judgment thereon had become final against him, he, the said R. D. Ellerd, being one and the same person as the R. D. Ellerd charged in the indictment herein, committed the offense first alleged in this indictment against the peace and dignity of the State."

The question presented for this court to decide is whether or not the indictment alleges a previous conviction for an offense which will authorize the enhanced penalty under the statute quoted. We think the evidence sufficient and the only question is one of law.

The case of Muckenfuss v. State, 117 S. W. 853, gives the early views of this court on the subject. It holds that any conviction for violation of a Sunday law may be proven for the purpose of enhancing the penalty in a subsequent prosecution for a violation of any other Sunday law. The effect of this holding, as we understand it, would include, by the general expression, any misdemeanor which violated the Sunday law. We agree with an expression in a subsequent opinion, Warner v. State, 42 S. W. (2d) 616, that the rule there laid down that offenses possessing a single element of sameness may not always be of the same nature, and that Strickland v. State, 28 S. W. (2d) 818, went too far in approving the Muckenfuss case. But there is nothing in the Warner opinion which may be considered to so modify the Muckenfuss case or the Strickland case as to aid the appellant in his contention that forgery is not an offense of the same nature as possessing a forged instrument for the purpose of passing same. We think the indictment in the instance case properly alleged an offense of the same nature as contemplated by Article 62 of the Penal Code.

It is contended that the use of the word "offenses," in the plural, will preclude the use of any other and prior conviction for an offense which may have a different penalty to that for which a party is being subsequently tried. The use of the word in the plural form will not support the construction that it means to refer to both the former and present offense. "Such offenses" unquestionably means all felonies less than capital for which a party may be on trial and has no relation to and is not meant to include the prior conviction. It is our conclusion, therefore, that the statute means to denominate the highest penalty fixed by statute for the offense with which the party is charged. Any other construction would nullify the statute. If it were subject to more than one construction, it would be the duty of this court to give it that construction which makes the statute effective.

With good reasoning this court has held that possessing liquor for sale and selling liquor are "offenses of the same nature" within the meaning of the statute. Warner v. State, 42 S. W. (2d) 616. Theft of property over the value of $50.00 is an offense of like character to that charged in an indictment for the theft of an automobile of the value of $350.00. Callo-

way v. State, 67 S. W. (2d) 872. Theft of an automobile and burglary with intent to commit theft have been held to be offenses of a like nature authorizing the enhancement of punishment on the conviction for theft. Sasser v. State, 98 S. W. (2d) 211.

Upon such cases and the reasoning found therein, it is here held that the indictment alleges an offense of a like nature as contemplated in the Penal Code, and the jury having found the appellant guilty, the court fixed the proper penalty.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR A REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, reasserts the same matters which he urged as grounds for a reversal of this case on original submission. We have again considered the subject of his contention, but see no reason for receding from the conclusion expressed in our original opinion.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.