Ex parte Claude L. LAWHON.

No. 36846.

Court of Criminal Appeals of Texas.

March 25, 1964.

Rehearing Denied May 6, 1964.

M. Gabriel Nahas, Jr., James J. Shown, Houston, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Petition for writ of habeas corpus being presented to this Court, the following order was made:

"Claude L. Lawhon has presented to this Court his petition for writ of habeas corpus attacking as void his conviction in Cause No. 95165, on February 5, 1962, in Criminal District Court of Harris County, for burglary with intent to commit theft.

"An appeal from such conviction was dismissed on appellant's affidavit in our Cause No. 34,811 on June 30, 1962.

"A prior conviction for the offense of Larceny in the District Court of Moffat County, State of Colorado, on May 12, 1958, in Cause No. 507, was alleged in the indictment and, upon the jury's finding that Lawhon was guilty of the burglary charged and that he had been previously convicted of an offense of like character and of the same nature, the court entered judgment ordering his confinement in the penitentiary for 12 years.

"Attached to the petition for habeas corpus is a certified copy of an order dated March 23, 1963, entered in the Colorado case described in the Harris County indictment correcting the records of the court to show a conviction of conspiracy to commit a felony, and not larceny as recited in the Mittimus prepared by the clerk which by inadvertence described the crime as larceny.

"No punishment having been assessed, the validity of the 12 year sentence rests upon Art. 62, P.C. and the prior offense alleged in the indictment.

"This being a collateral attack upon the conviction, the petitioner is entitled to relief only if the previous conviction was not in fact a conviction for a like offense or an offense of the same nature as burglary. If it is the petitioner cannot now be heard to complain that the indictment alleged it was a conviction for larceny when it was for another offense of the same nature as burglary.

"Felony larceny or theft and burglary with intent to commit theft are offenses of the same nature. Davis v. State [157 Tex.Cr.R. 176], 247 S.W.2d 561.

"Whether the felony offense of conspiracy to commit a felony is an offense of the same nature as burglary would depend upon what felony offense the accused conspired to commit.

"The Judge of the District Court of Walker County is requested to grant the petitioner a hearing on his petition for habeas corpus and give him full opportunity to make proof, if he can, that the prior conviction used to enhance his punishment in Cause No. 95165 was not for an offense of like character or of the same nature as burglary."

Pursuant to said order, hearing was had and the evidence adduced before Judge Max M. Rogers is before us.

The evidence shows that the prior conviction in the State of Colorado was for the offense of conspiracy to commit the felony offense of larceny.

This offense appears to be of like character and of the same nature as burglary with intent to commit theft.

The petitioner has failed to prove that the Colorado conviction was not available to enhance his punishment.

The petition for habeas corpus is denied.