**R. F. TOWNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38525.**

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

Rehearing Denied Dec. 15, 1965.

Leslie E. Bauch, Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., John R. Haas, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for defrauding by worthless check; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character, ten years.

On a former appeal to this court, appellant's conviction for giving the same check in question was reversed because the evidence was insufficient to sustain the allegations of the indictment. Towne v. State, Tex.Cr.App., 385 S.W.2d 854.

This is an appeal from a conviction upon a new indictment subsequently returned against appellant, charging the same offense.

The indictment charged in the second count, which was submitted to the jury, that on or about the 2nd day of December, 1963, the appellant did, with intent to defraud, make and deliver to Mrs. George L. Cameron a certain check in the amount of $72.82, drawn on the First State Bank of Corpus Christi, knowing at such time that he did not have sufficient funds on deposit in said bank to pay said check as well as all other checks then outstanding.

It was further alleged in the indictment that prior to his commission of the primary offense, the appellant had been finally convicted in the 105th Judicial District Court of Nueces County, in Cause No. 10818, of a felony offense less than capital and of like character, to-wit: passing a forged instrument.

The state's evidence shows that on the 2nd day of December, 1963, the appellant went to the Cameron Manufacturing Company in the city of Corpus Christi and purchased certain material used in the upholstery of automobiles. An invoice was made for the purchase, which appellant took to Mrs. George L. Cameron, who was the bookkeeper and cashier of the business. Appellant then proceeded to make, sign, and deliver to Mrs. Cameron a check in the sum of $72.82, which was the amount of the invoice. The check, which was drawn on the First State Bank of Corpus Christi, was deposited to the account of Cameron Manufacturing Company for collection. In due course it was returned to the bank unpaid, bearing the notation " 'Unable to locate account.' "

It was shown by the testimony of the bank's cashier, Roger George, that appellant had no account in the bank during the month of December, 1963, or in the year 1964, and that his account in the bank had been closed in 1955.

Proof was made of appellant's prior alleged conviction for passing a forged instrument, in the manner which has been approved by this court, by the introduction in evidence of certain authenticated records of the Department of Corrections and the comparison of fingerprints by an expert. Appellant was also identified at the trial by deputy sheriff William L. Burch as the person previously convicted, in the year 1962, in the 105th Judicial District Court of Nueces County, of the offense of passing a forged instrument.

■ We overrule appellant's contention that the evidence is insufficient to support the conviction because no false representations were proved by the state.

The indictment under which appellant now stands convicted did not allege that he made any false representations to the injured party when he delivered the check to her. It alleged only that he delivered the check with intent to defraud. This distinguishes the case from the prior case, in which the judgment of conviction was reversed because the false representations alleged in the indictment were not proven.

[2] The contention presented by appellant, in his brief, that the trial court gave additional instructions to the jury in his absence in violation of Articles 676, 677, and 679 of Vernon's Ann.Code of Criminal Procedure, is not before us for review in the absence of a bill of exception presenting such matter.

■ The sentence imposed by the court provides that appellant be confined in the penitentiary for a term of not less than two (2) nor more than ten (10) years. The same is reformed so as to provide for no minimum punishment and to read that he be confined in the penitentiary for a term of ten (10) years. Art. 62, supra.

As reformed, the judgment is affirmed.

Opinion approved by the court.