Walter WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 39187.

Court of Criminal Appeals of Texas.

May 11, 1966.

Joe E. Turner, Houston (by Court Appointment on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr. and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for robbery with a prior conviction for an offense of like character alleged for enhancement. The court assessed the punishment at life under Art. 62, Vernon's Ann.P.C.

Shortly before 5 a. m. August 20, 1962, Sidney Chenier, the alleged assaulted party, left his house located at the rear of two houses going to work. Chenier testified that as he walked between the two houses toward the street, he was struck in the head from the rear, and on being struck again in the head he fell backwards on his back on the ground where he was struck about three more times, and then his assailant stooped down and began searching his pockets; that as the assailant stooped over him during the search he (Chenier) looked directly into his face and recognized him as the person he had previously seen several times on the street; and he identified the appellant at the trial as the person who stooped over him and searched his pockets, but he never actually saw him take his billfold containing eight dollars in money which was taken at the time without his consent, and while he was in fear of his life and serious bodily injury; that at this time the appellant left the scene and he (Chenier) returned to his house. The testimony reveals that Chenier suffered a one-inch cut in the top of the back of the head, a one-inch gash above the left ear, a gash under the left eye, the left side of his face was swollen, and his head was covered with blood. On August 22, 1962, two days after he was assaulted and robbed, Chenier identified the appellant in a five-man line-up at the police station as the man who searched his pockets as he lay on the ground on August 20, 1962.

Raphael Jackson testified that he lived in one of the two houses between which the appellant usually passed in going to the street from his house; that when he was awakened about 4:30 a. m. August 20, 1962, he saw two men fighting on the ground between the houses; that he notified the officers and showed them the scene of the fight on their arrival.

Officer Stilley testified that he arrived at the scene at 5:15 a. m. August 20, 1962, where he saw blood on the ground between the houses, and saw Chenier at his house nearby with much blood and gashes on his head.

Record evidence was offered to prove the prior conviction of theft from the person as alleged. Kanaziz v. State, Tex.Civ.App., 382 S.W.2d 485. However, the appellant testified that he was convicted of the offense as alleged for enhancement on March 4, 1960.

Testifying in his own behalf, the appellant stated that he did not know anything

about the robbery of Chenier until he was arrested and the officers told him; that he was not at the scene of the robbery and had nothing to do with it; that he had seen Chenier twice but never knew where he lived; that he knew a man who was about his (appellant's) height, and had the same nickname as his, and was heavyset.

■ The objections that part of the record evidence was not authenticated at all and other parts were not properly authenticated, present no reversible error in view of appellant's testimony that he had been convicted as shown by said record.

There are no formal bills of exception; and no objections to the court's charge and no requested charges were presented.

The informal bills have been considered and they reveal no error.

■ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.