James Otis ROBERTSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41231.

Court of Criminal Appeals of Texas.

April 24, 1968.

C. W. Bocock, IV, John M. Ille, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Allen L. Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is robbery by assault, with a prior conviction for assault with intent to murder, alleged for enhancement. Upon a bifurcated trial, the punishment was assessed by the trial judge at life imprisonment, under the provisions of Art. 62, P.C.

Appellant's sole ground of error is that the court erred in failing to quash the indictment for the reason that enhancement of the punishment was unauthorized under Art. 62, supra, because robbery by assault and assault with intent to murder are not offenses of like character as contemplated by the statute.

Art. 62, supra, reads:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The term, "same offense," as used in the enhancement statutes, has been held to mean an offense of like character. Harbert v. State, 136 Tex.Cr.R. 301, 124 S.W.2d 1005.

The question of whether the offenses of robbery by assault and assault with intent to murder are of the same nature and of like character does not appear to have been heretofore decided by this court.

We conclude that they are not of the same or similar nature, and that appellant's motion to quash should have been sustained as to that portion of the indictment alleging the prior conviction for enhancement purposes.

In Flores v. State, 145 Tex.Cr.R. 134, 166 S.W.2d 706, Judge Graves, writing for this court, in passing upon the question of whether certain offenses were of similar nature, adopted and set out the court's reasoning in Warner v. State, 118 Tex.Cr. R. 351, 42 S.W.2d 616, as follows:

" 'It is our opinion that the two expressions used in said article 62, supra, viz.: "The same offense" and "of the same nature," evidence merely the purpose of the Legislature to provide the higher punishment for him who so far approaches the attitude of an habitual criminal, as to follow one conviction by doing that which in substance, nature, and effect is the same offense, and that, though there be some differences, still the substance of the offense, the body of the

crime, its collective elements, must be so nearly similar or identical as to justify the higher punishment as for the same offense as that formerly committed. As for instance, the subsequent taking from another of his property without his consent, in any of the ways forbidden by statute, might be deemed so similar or identical as to justify pleading and proof of a prior conviction for such taking in any of the ways made penal.' "

In Warner v. State, supra, the court further stated:

" * * * we think it wrong to lay down the rule that offenses possessing only a single element of sameness are therefore the same or of the same nature * * *. Every rape, equally with every murder, is based on a necessary assault. Every bigamy and every swindling proceeds on the basic theory of fraud, but it would not do at all to say that these were therefore the same offenses, or offenses of the same nature."

While the element of an assault is common to both offenses of robbery by assault and assault with intent to murder, there is no similarity in the other elements. In robbery by assault, besides the element of assault, there must be a fraudulent taking of property with intent to steal; in assault with intent to murder, the other essential element is a specific intent to kill. In one offense the purpose of the assault is to fraudulently take property, while in the other the purpose is to take human life. The two offenses are not similar.

We do not construe Moore v. State, 33 Tex.Cr.R. 166, 25 S.W. 1120, cited by the state, as here controlling. In that case it was held that because the element of assault or violence was an essential element in both the offense of robbery and assault with intent to murder, a conviction for robbery was a bar to prosecution for assault with intent to murder, growing out of the same transaction.

Nor do we agree that the judgment can be upheld because under Art. 1408, P.

C., the court could have assessed appellant's punishment at life imprisonment for the primary offense of robbery, in view of the affirmative showing in the record that the court fixed appellant's punishment at life imprisonment as a second offender, under Art. 62, supra.

For the reason stated, the judgment is reversed and the cause is remanded.