Kenneth Lee JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 43889.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 13, 1971.

Alfano, Dailey, Tindal & Hearn, by Fred H. Dailey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for forgery with the punishment affixed at 7 years by virtue of a prior conviction alleged for enhancement under the provisions of Article 62, Vernon's Ann.P.C.

The State's evidence reflects that appellant forged a sales slip in the amount of $20.79 at Sears, Roebuck and Company in Houston on August 7, 1969, using a stolen credit card. He was later apprehended outside the store with the merchandise he had obtained. The appellant did not testify nor offer any evidence.

In three grounds of error appellant complains of the use of prior conviction for felony theft for enhancement purposes, it being his contention that felony theft and forgery are not the "same offense" or offense of the "same nature." See Article 62, supra.

By the term "same offense" as used in Article 62, supra, as to repetition of offense is meant a similar offense, one of the same nature or character. Cherry v. State, Tex.Cr.App., 447 S.W.2d 154, 158; Harbert v. State, 136 Tex.Cr.R. 301, 124 S.W.2d 1005. See also 1 Branch's Ann.P. C., 2d ed., Sec. 698; 16 Tex.Jur.2d, Criminal Law, Sec. 409, pp. 632–634.

"The substance of the offense, the body of the crime, and its collective elements must be so nearly similar or identical as to justify the higher punishment." 16 Tex.Jur.2d, Criminal Law, Sec. 409, pp. 632, 633, citing Lenore v. State, 137 Tex.Cr.R. 417, 129 S.W.2d 657.

And it is true that offenses that possess only a single element of sameness are not the same or of the same nature. Warner v. State, 118 Tex.Cr.R. 351, 42 S.W.2d 616; Robertson v. State, Tex.Cr.App., 426 S.W. 2d 872.

Whether a previous offense is of like character to a subsequent offense is a matter of law for the court. Brown v. State, 140 Tex.Cr.R. 133, 143 S.W.2d 775.

Article 979, V.A.P.C., provides that:

"He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever."

Article 985, V.A.P.C., provides:

"The false making or alteration, to constitute forgery, must be done with intent to injure or defraud, and the injury must be such as affects one pecuniarily, or in relation to his property."

The intent to injure or defraud anyone, whether it does or not, is the gra-

vamen of forgery. Ashmore v. State, 67 Tex.Cr.R. 502, 150 S.W. 196.

Article 1410, V.A.P.C., provides:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

Theft and defrauding by obtaining property by the giving of a worthless check have been held to be offenses of the same nature under Article 62, supra. Ex parte Schellinger, 158 Tex.Cr.R. 438, 256 S.W.2d 577. Forgery and possessing a forged instrument with intent to use and pass it as true, passing a forged instrument and defrauding by worthless check, are offenses of the "same nature." Ellerd v. State, 138 Tex.Cr.R. 577, 137 S.W.2d 766; Towne v. State, Tex.Cr.App., 396 S.W.2d 400.

Felony theft and burglary with intent to steal or to commit theft are like and similar offenses. Beck v. State, Tex.Cr.App., 420 S.W.2d 725; Bowie v. State, Tex.Cr. App., 401 S.W.2d 829; Reynolds v. State, 166 Tex.Cr.R. 83, 311 S.W.2d 848; Ex parte Lawhon, Tex.Cr.App., 378 S.W.2d 74; Cherry v. State, supra. The same is true of felony theft and robbery, Kanaziz v. State, Tex.Cr.App., 382 S.W.2d 485; Thompson v. State, 170 Tex.Cr.R. 258, 339 S.W.2d 209; Ferrell v. State, Tex.Cr.App., 397 S.W.2d 86; Ex parte Romines, Tex. Cr.App., 419 S.W.2d 358; Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462, cert. den., 364 U.S. 935, 81 S.Ct. 386, 5 L. Ed.2d 369; Dickey v. State, 169 Tex.Cr.R. 576, 336 S.W.2d 165; theft from person and robbery, Williams v. State, Tex.Cr. App., 402 S.W.2d 764; burglary and robbery, Robertson v. State, Tex.Cr.App., 418 S.W.2d 678; Schmeideberg v. State, Tex. Cr.App., 415 S.W.2d 425 and cases there cited; robbery and breaking and entering a coin operated machine, Cherry v. State, supra; robbery and breaking and entering

a motor vehicle, Johnson v. State, Tex.Cr. App., 463 S.W.2d 736; shoplifting and theft, Woods v. State, Tex.Cr.App., 394 S. W.2d 513.

In Dickey v. State, supra, it was held that felony theft by false pretext by means of a worthless check is as a matter of law an offense of like character to the offense of robbery by assault even though the evidence shows that a firearm was used in the robbery.

■ We therefore conclude that the offense of forgery is an offense of like character to the offense of felony theft so as to invoke the provisions of Article 62, V. A.P.C.

We do not agree with the appellant that there is only a single element of sameness between the offenses. See Warner v. State, supra.

Next, appellant complains the court erred in allowing the jury to hear evidence as to the prior conviction alleged for enhancement without the testimony of a witness having personal knowledge of said conviction.

■ At the penalty stage of the trial the State offered the authenticated prison records from the Texas Department of Corrections which included a photograph and a set of fingerprints. See Article 3731a, Vernon's Ann.Civ.St. A fingerprint expert then testified that such fingerprints were the same as a set of known fingerprints of the appellant recently taken. This method of proving prior convictions alleged for enhancement has long been approved by this Court. Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Jackson v. State, Tex.Cr.App., 402 S.W.2d 742; Broussard v. State, Tex.Cr.App., 363 S.W. 2d 143.

Further, we find no objection in the record to this method of proof.

■ Appellant also complains the trial court committed fundamental error in per-

mitting evidence of extraneous offense to be introduced. This ground of error is not briefed nor is our attention called to any portion of the record where such claimed error occurred. This ground of error is not in compliance with the provisions of Article 40.09, Sec. 9, Vernon's Ann.C.C.P. Nothing is presented for review. Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Shirden v. State, Tex.Cr.App., 439 S.W.2d 348; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; Evans v. State, Tex.Cr.App., 456 S. W.2d 911.

Nevertheless, we have examined the record and find that evidence was offered, without objection, that on the date of the alleged offense the appellant forged three other sales slips in the same store using the same credit card and this merchandise thus obtained was recovered when the appellant was apprehended. Much of the detail surrounding these other transactions was elicited on cross-examination by appellant's counsel. The other transactions were clearly res gestae of the offense charged and were admissible even if there had been an objection.

The judgment is affirmed.