Larry Edward SHARPE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45550.

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Raymond Dickens, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

## ON STATE'S MOTION FOR REHEARING

DAVIS, Commissioner.

Our Opinion on original submission is withdrawn and the following is substituted therefor.

Appeal is taken from a conviction for burglary with the intent to commit theft, with punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., twelve years.

█ Appellant contends that the evidence is insufficient to support the verdict.

Forrest Smith, Jr., testified that as he was leaving his home on Tidford Street in Houston for work on March 8, 1971, he saw a car driving slowly down the street with three persons in it which prompted him to circle the block and return to his home. Upon returning to his house, Smith saw the car which had aroused his suspicion in the driveway of a neighbor, Mrs. Zelma Thomas. After entering his house and picking up his gun, Smith went to the Thomas residence, where he saw appellant and two other persons "coming out the back door," and identified appellant as the person who had a T.V. in one hand and a bundle in the other hand. Upon Smith's telling the three people to "freeze," they dropped the articles they were carrying and ran.

Mrs. Zelma Thomas testified upon returning home on the date in question that she found that the back door of her house had been jimmied; that she did not give appellant or anyone else permission to break into her house and take property therefrom.

Officer H. H. Foster, Fingerprint Examiner for the Houston Police Department, identified a fingerprint lifted from a bottle of skin freshener at the Thomas house following the burglary as being identical to a fingerprint taken from appellant.

When the three persons coming out of the back door of the Thomas home saw Smith, they ran from the scene and left their automobile in the driveway. Houston Police Officer Arrendo testified that the car had a dealer's tag on it with the name of the dealer, and appellant's name on the tag.

Clearly, the evidence is sufficient to support the conviction.

Appellant contends that the records from the Texas Department of Corrections introduced for the purpose of enhancing punishment were inadmissible in that the seal of the Walker County Clerk was not legible.

The Record Clerk of the Texas Department of Corrections, Henry R. Small, certified "that the (x) photograph (x) fingerprints and (x) commitments attached hereto are copies of the original records of Larry Edward Sharpe TDC # 191208 Cause # 121951 # 122007 # 122008 # 122009 # 122010 # 122011 . . . ." The Honorable Amos A. Gates, Judge of the County Court of Walker County, certified that Henry R. Small is Record Clerk of the Texas Department of Corrections "and is the legal keeper and the officer having the legal custody of the original records of the said Texas Department of Corrections."

The certificate of the Clerk of the County Court, J. L. Ferguson, certifies that Amos A. Gates is Judge of the County Court of Walker County.

The pertinent portion of Article 3731a, Section 4, Vernon's Ann.Civ.St., providing for authentication of copies of records reads, "Except in the case of a copy of an official writing from a public office of this State or a subdivision thereof, the attestation shall be accompanied with a certificate that the attesting officer has the legal custody of such writing. If the office in which the record is kept is within the United States . . . . , the certificate may be made by a [judge of a court of record of the district or political subdivision] in which the record is kept, authenticated by the seal of his office."

In 23 Tex.Jur.2d, Section 23, P. 42, it is stated: "Judicial notice is taken of the system of courts of this state, their jurisdiction, terms and operation, and the judges and other officers thereof." See Buchanan v. State, Tex.Cr.App., 471 S.W.2d 401; Hamlin v. Bryant, Tex.Civ.App., 399 S.W. 2d 572.

■ We find it unnecessary to consider what effect, if any, an illegible seal might have on the certificate of the County Clerk of Walker County certifying that Amos A. Gates was County Judge of Walker County, since judicial notice can be taken of the fact that Amos A. Gates was the Judge of the County Court of Walker County on June 28, 1971, the date Judge Gates certified that Henry R. Small was the Record Clerk of the Texas Department of Corrections.

No error is shown.

Appellant contends that the court erred in admitting the testimony of Officer Foster relative to the comparison of a known fingerprint of appellant and a fingerprint found at the scene of the burglary.

Appellant urges that the testimony of Officer Foster should not have been admitted after Foster stated that he did not consider himself an expert.

■ Officer Foster testified that he had sixteen years experience in the identification, classification and comparison of fingerprints, and that he had handled many thousands of fingerprints since he had been with the Houston Police Department. Foster further testified that he had made many comparisons of fingerprints of unknown origin and known prints of an individual. The following testimony elicited from Foster on cross-examination gives rise to appellant's complaint.

"Q . . . Do you consider youself an expert?

"A It's up to the judge and the jury to decide that, sir, on my qualifications. I am qualified to identify fingerprints, but as far as an expert, it's up to the individual court to decide that.

"Q I'll ask you again: Do you feel like you are a qualified fingerprint expert?

"A I feel like that I am qualified to identify fingerprints, but I don't consider myself an expert.

"Q You don't consider yourself an expert?

"A No."

We conclude that appellant's objection goes to the weight and not to the admissibility of the complained of testimony.

The prior offense relied on for enhancement of punishment under Article 62, V.A.P.C., is "unlawfully passing as true a forged instrument."

In Washington v. State, 167 Tex.Cr.R. 218, 319 S.W.2d 106, this Court held that burglary and passing a forged instrument are not offenses of the same nature as prescribed by Article 62, V.A.P.C. Washington v. State, supra, was prior to Schmeideberg v. State, Tex.Cr.App., 415 S.W.2d 425, where a distinction was noted between burglary, with intent not stated, and burglary with intent to steal, as to enhancement under Article 62, V.A.P.C. In Schmeideberg, this Court held that burglary with the intent to commit theft and robbery are offenses of the same nature. Punishment for robbery cannot be enhanced under Article 62, V.A.P.C., when the prior conviction of burglary is alleged absent proof of the offense from which the court can determine whether the burglary was with intent to commit theft and, therefore, of the same nature as robbery.

In the instant case, the primary offense for which appellant was convicted was burglary with the intent to commit theft, and the prior offense relied on for enhancement was unlawfully passing as true a forged instrument.

In Jones v. State, Tex.Cr.App., 470 S.W.2d 874, this Court held that the offense of forgery is an offense of like character to the offense of felony theft. A review of offenses of like nature is set forth in Jones v. State, supra, and reflects that this Court had held that felony theft and burglary with the intent to steal or to commit theft are like and similar offenses, Beck v. State, Tex.Cr.App., 420 S.W.2d 725; Bowie v. State, Tex.Cr.App., 401 S. W.2d 829, and that forgery and passing a forged instrument with intent to use and pass it as true, passing a forged instrument and defrauding by worthless check, are offenses of like nature. Towne v. State, Tex.Cr.App., 396 S.W.2d 400; Ellerd v. State, 138 Tex.Cr.R. 577, 137 S.W.2d 766. The holdings in the foregoing cases dictate that the offense of burglary with the intent to commit theft is an offense of like character to the offense of unlawfully passing as true a forged instrument so as to invoke the provisions of Article 62, V. A.P.C.

The State's Motion for Rehearing is granted. The reversal is set aside and the judgment is affirmed.

Opinion approved by the Court.