**Arthur JACKSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52616.**

Court of Criminal Appeals of Texas.

April 6, 1977.

Ray A. Bass, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Joe D. Anderson, Asst. Dist. Attys.,

Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for assault with intent to rob, a violation of the former Penal Code. His punishment, enhanced pursuant to Art. 62 of the former Penal Code, was assessed at ten years' confinement.

The first three grounds of error urge that the trial court committed error in overruling appellant's objection to certain testimony elicited from the complaining witness, Otis Milligan. The appellant objected to this testimony, requested the court to instruct the jury to disregard Milligan's statement, and moved for a mistrial. The trial court denied each.

The complained of testimony came during Milligan's description of a conversation occurring immediately prior to the commission of the offense. Milligan testified on direct examination that the appellant and another person entered the store where he worked and asked him about a job opening. The following dialogue then occurred between the prosecutor and Milligan:

"Q. Did either one of the people there at that time this defendant or the shorter fellow either one appeared to be doing most of the talking?

"A. No, sir, the only statement the thing the smaller gentlemen asked about was would ever being picked up on a felony hurt his chances for a job."

■ Appellant claims this testimony constitutes reversible error because it injected an extraneous offense into evidence which tended to prejudice the jury. He asserts that the response shows that he is a criminal in general because it demonstrates that he associates with persons that have been arrested or convicted for a felony offense. We do not agree.

Milligan's testimony describes the conduct of the appellant and his co-actor shortly before the offense occurred. The testimony shows "the context in which the criminal act occurred." *Albrecht v. State*, Tex. Cr.App., 486 S.W.2d 97, at 100. It was not error to admit this statement.

We also observe that Milligan's response, when viewed in the light of his entire testimony, did not inject an extraneous offense into evidence. The co-actor, it seems, responded to Milligan's further questioning on this subject in such a manner that no employment problem was presented. This would suggest that the co-actor told Milligan that he had not been convicted for a felony offense. The first three grounds of error are overruled.

■ The fourth ground of error asserts the trial court erred in denying the motion to quash the enhancement paragraph of the indictment. Appellant argues that a prior conviction for burglary with intent to commit theft cannot be used to enhance punishment for assault with intent to rob under Article 62 of the former Penal Code. That article provides:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

Appellant argues that the primary offense and prior offense alleged in the indictment are not sufficiently similar in nature to support the enhancement of his penalty under Art. 62, supra. He urges that burglary with intent to commit theft is a crime against property while assault with intent to rob is a crime against the person. He also states that these two offenses have but one single element of sameness and, therefore, are not the same or of the same nature. *Jones v. State*, Tex.Cr.App.; 470 S.W.2d 874; *Warner v. State*, 118 Tex.Cr.R. 351, 42 S.W.2d 616.

We disagree. The primary purpose or motivation behind appellant's action during his commission of the offenses of burglary with intent to commit theft and assault with intent to rob was to unlawfully de-

prive a person or persons of their property. We have previously held that robbery and theft are like offenses and can be used for enhancement purposes under Art. 62, supra. See, *Brown v. State*, Tex.Cr.App., 535 S.W.2d 640; *Horne v. State*, Tex.Cr.App., 508 S.W.2d 643.

We have also concluded that the offenses of felony theft and forgery, *Jones v. State*, Tex.Cr.App., 470 S.W.2d 874; burglary with intent to commit theft and passing as true a forged instrument, *Sharpe v. State*, Tex.Cr. App., 490 S.W.2d 834; and robbery by assault and forgery, *King v. State*, Tex.Cr. App., 519 S.W.2d 651, are sufficiently similar to support utilization of the enhancement provisions provided by Art. 62, supra. We conclude that the offenses of assault with intent to rob and burglary with intent to commit theft are of like character. The fourth ground of error is overruled.

Ground of error number five states that the court committed fundamental error when it failed to require the State to disclose evidence which was favorable and material to appellant's defense.[1] Appellant alleges that the State possessed material tending to impeach the credibility of the complaining witness, Otis Milligan. Specifically, he urges that the State knew that Milligan had misidentified a suspect at a line-up conducted five days after the commission of the offense and failed to disclose this information.

The record reflects that Milligan identified the appellant in a hospital shortly after the offense. Several days later, he identified another person as the second party to the crime. On cross-examination, Milligan stated that he did not know whether an indictment was returned against the individual he identified at the line-up. He also testified that he had not been subpoenaed to testify in regard to the second person he

identified at the line-up. He did not, however, testify to the misidentification of anyone.

Appellant urges that evidence of this "misidentification" was contained in the prosecutor's file. The court refused to allow the appellant to inspect this file. The judge did, however, include this file in the record for our review.

■ It appears, after a review of the record and the police offense report, that no favorable or material evidence was withheld. There is no proof that the witness misidentified anyone connected with the offense. No harm or prejudice is shown. The fifth ground of error is overruled.

The final two grounds of error complain of the trial court's denial of appellant's pre-trial and trial discovery motions which requested the production of a portion of the police offense report. Appellant contends that the offense report contained either a verbatim account or a summary of the oral statements he made to the police.[2]

■ Appellant maintains that he was denied effective assistance of counsel and due process by the trial court's action because he and his attorney were prevented from rationally determining whether he should testify in his own behalf. Appellant insists that he could not testify because he did not know whether he would be impeached by an inculpatory statement he had made to the police.

The State argues that the police offense report is not subject to discovery under Art. 39.14, V.A.C.C.P.; *Sheldon v. State*, Tex.Cr. App., 510 S.W.2d 936. The State also argues that the court determined that the appellant's counsel had already seen the offense report.

In *Holloway v. State*, Tex.Cr.App., 525 S.W.2d 165, at 169, we stated:

> told the police that he was a suspect but that this was the only robbery in which he was involved. He also gave the names of two other participants in the robbery: the person who accompanied him into the store, and the driver of the getaway car.

---

1. Appellant filed a pre-trial motion for discovery of all favorable material in the possession of the prosecutor, including any evidence which tended to affect the credibility of any State witness. The court denied this motion.

2. The offense report contains a summary of the appellant's oral statements to the police. He

"Police reports generally are not subject to pretrial discovery, and the State is not required to exhibit them to the defendant prior to the officer taking the stand. (citations omitted) However, if the facts reflect that the prosecutor actively or negligently suppresses or fails to disclose evidence which may exonerate the accused or be of material importance to the defense, reversible error is committed."

We conclude that the trial court's action had no effect on appellant's decision not to testify in his own behalf. If his oral statements were admissible, they could have been admitted whether he testified vel non. If, on the other hand, the statements were inadmissible because they did not fulfill the requirements of Art. 38.22, V.A.C.C.P., they could not be used to impeach the appellant. *McBride v. State*, Tex.Cr.App., 506 S.W.2d 887; *Hugley v. State*, Tex.Cr.App., 505 S.W.2d 914.

Even if the trial court's action did have an effect on appellant's decision not to enter testimony, such error was harmless beyond a reasonable doubt. Appellant was identified by an eyewitness to the offense shortly after it occurred. Other evidence conclusively established the guilt of the appellant. In short, the evidence connecting appellant with the crime is overwhelming. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

The description of appellant's oral statements in the offense report were not material to the defense.[3] The final grounds of error are overruled.

The judgment is affirmed.

---

**3.** It can be said that the State waived their right to prevent discovery of the police report since, as determined by the trial court, the appellant's counsel inspected the document approximately one year prior to trial. Appellant, however, maintained throughout the trial that he did not inspect the offense report. We also observe that the State did not attempt to introduce any oral statements. Appellant has failed to establish how he was harmed by the court's determination.