**Walter Glen JOHNSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–253–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 22, 1983.

Brian W. Wice, Houston, for appellant.

J. Sidney Crowley, Asst. Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction of burglary. After a jury found appellant guilty, the trial court assessed punishment at 99 years in the Texas Department of Corrections. Appellant gave timely notice of appeal.

Appellant does not challenge the sufficiency of the evidence, therefore, a recitation of the facts is not required. Appel-

lant's first ground of error alleges reversible error resulting from the asserted bolstering of an unimpeached State's witness. The appellant admits that defense counsel did not object to the complained of testimony. Without objection, nothing is presented for review. *Vaughn v. State,* 530 S.W.2d 558 (Tex.Cr.App.1975). Appellant's first ground of error is overruled.

In his second ground of error appellant contends that pen packets introduced as evidence against him were improperly certified, and, therefore, violated the rule against hearsay. The pen packets are certified as follows: S.O. Woods, Jr., the record clerk at the Texas Department of Corrections, certifies that he has custody of the original documents and that the copies are true and correct. Ann P. Baker, presiding judge of the County Court of Walker County Texas, certifies that S.O. Woods, Jr., is the records clerk of the Texas Department of Corrections. James D. Patton, Clerk of the County Court of Walker County, certifies that Ralph A. Davis, Jr., was the Judge of the County Court of Walker County. As pointed out by appellant at trial, the name "Ralph A. Davis, Jr.," appeared where Ann P. Baker's name should have appeared in the clerk's certificate. The trial judge acknowledged the mistake in the clerk's certificate, but he then told defense counsel that he knew Ann P. Baker was the County Court Judge. Under these circumstances, there is no reversible error. An irregularity in the County Clerk's certificate will not bar the admission of the documents since the trial court could take judicial notice that Ann P. Baker was the County Court at Law judge on the date that she certified that Woods was the record clerk. See: *Sharpe v. State,* 490 S.W.2d 834 (Tex.Cr. App.1973). Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the trial court erred in making an affirmative finding that the appellant used a deadly weapon in the commission of the offense. The State agrees with appellant and notes that since the jury was the trier of fact only it was authorized

to make such a finding. *Barecky v. State,* 639 S.W.2d 943 (Tex.Cr.App.1982); *Ex Parte Thomas,* 638 S.W.2d 905 (Tex.Cr.App. 1982). Such finding, however, is not, of itself, a sufficient ground for a reversal of the judgment of the trial court. Under the authority of art. 44.24(b), Tex.Code Crim. Pro.Ann. (Vernon Supp.1982–83), we reform the judgment of the trial court, by deleting from the judgment the affirmative finding that a deadly weapon was used.

The judgment of the trial court, as REFORMED, is AFFIRMED.