## L. D. LARKIN v. THE STATE.

No. 19344.   Delivered February 2, 1938.
Rehearing denied (without written opinion) February 23, 1938.

The opinion states the case.

*Clyde Suddath,* of Henrietta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the offense of fraudulently receiving and concealing stolen property, namely, an automobile of the value of $700.00; penalty assessed at confinement in the penitentiary for life.

In addition to alleging the offense upon which the prosecution is based, the indictment avers that the appellant was con-

victed in the District Court of Montague County on April 23, 1928, for the offense of forgery; that he was convicted in the District Court of Wichita County on March 12, 1935, for the offense of passing a forged instrument; that he was convicted in the District Court of Coke County on April 21, 1937, for the offense of burglary; that the judgments in said convictions had become final at the time of the commission of the present offense.

By virtue of the repetition of offenses, the jury was authorized to assess the penalty at life imprisonment in the penitentiary under the terms of Article 63, P. C., which reads as follows:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The evidence heard upon the trial is not brought forward for review.

The only question presented for consideration is the sufficiency of the indictment in charging the previous offenses. Counsel for appellant insists that the counts of the indictment charging the previous convictions are defective in failing to allege that the felonies therein set forth were "less than capital," and in support of his contention cites the case of Helsley v. State, 80 S. W. (2d) 962. In the Helsley case, supra, the indictment was held defective in failing to disclose the nature and character of the previous offenses, the only description being that the offenses were "felonies." However, in the present case, the previous convictions are not only described as felonies but also as "forgery," "passing a forged instrument," and "burglary," all of which offenses are judicially known to be less than capital. Therefore, we think the indictment is sufficient in charging the previous offenses.

The judgment is affirmed.