McCarthy, Collins & Snodgrass, Robert M. Haynes, Amarillo, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

This is a conviction under the so-called habitual criminal statute, Art. 63, P.C., with punishment assessed at life imprisonment in the penitentiary.

The primary offense charged was the non-capital offense of robbery. One of the prior convictions relied upon was described as "the felony of passing a forged instrument."

By motion to quash, the sufficiency of the indictment to charge the prior conviction for the felony offense of passing a forged instrument is challenged in that the passing of a forged instrument becomes a felony only when "knowingly" done and in order for an indictment to be sufficient to charge the prior conviction for that offense it must be described as "knowingly passing a forged instrument."

As sustaining his contention, appellant relies upon the case of Square v. State, 142 Tex.Cr.R. 493, 154 S.W.2d 852.

It will be noted that the reversal of the Square case did not depend entirely upon the defect found to exist in the indictment but also upon another ground.

An indictment alleging the prior conviction for the felony offense of "passing a forged instrument," as in the instant case, was sustained by this court in Larkin v. State, 134 Tex.Cr.R. 44, 113 S.W.2d 553, which was rendered anterior to the Square case.

The conclusion is expressed that the rule announced in the Larkin case, supra, is correct and should control.

It follows that the Square case, supra, in so far as it is in conflict with the conclusion just expressed, is hereby overruled.

The indictment, not being subject to the defect alleged, is valid, and the judgment of the trial court is affirmed.

Opinion approved by the Court.

On Motion for Rehearing

WOODLEY, Judge.

We remain convinced that appellant's contention in regard to the sufficiency of the indictment was properly disposed of on original submission.

The indictment alleged a former conviction for "the felony offense of passing a forged instrument."

Art. 996, P.C., assigns to the offense the title "Passing forged instrument." The punishment provided in the article determines the offense to be a felony less than capital.

"The felony of passing a forged instrument" necessarily includes the various elements of the offense and sufficiently describes the former conviction.

No other question being before us, appellant's motion for rehearing is overruled.

Opinion approved by the Court.

## SALAS v. STATE.

### No. 24859.

Court of Criminal Appeals of Texas.

May 10, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by complaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proceedings appear to be regular, and the judgment is affirmed.

## BARTON v. STATE.
### No. 24852.

Court of Criminal Appeals of Texas.
May 10, 1950.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

· HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by complaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proceedings appear to be regular, and the judgment is affirmed.

## BARBER v. STATE.
### No. 24851.

Court of Criminal Appeals of Texas.
May 10, 1950.

None on appeal for appellant.

· George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by com-