### EX PARTE LOYD RANELS.

No. 25181. January 24, 1951.
Rehearing Denied March 21, 1951.

*J. B. Clegg, Jr.* Huntsville, for relator.

*Willis Gresham,* Assistant Attorney General, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator is confined in the penitentiary under a life sentence pronounced on October 22, 1937, in Cause No. 8100, in the district court of Montgomery County, Texas, the conviction being for the offense of robbery.

The indictment alleged three previous convictions for felonies less than capital, successively committed, in addition to the primary offense.

Upon the contention that the judgment and sentence against him is void, relator filed his petition for writ of habeas corpus addressed to the Honorable Max M. Rogers, Judge of the 12th Judicial District of Texas, who set same down for hearing. After hearing, Judge Rogers granted the writ, made it returnable before this court, and has transmitted to this court a transcript and record of the facts as shown on the hearing before him. Such proceeding appears to be in conformity with the provision of Art. 119, Vernon's Ann. C.C.P.

The judgment sets out the verdict of the jury reading as follows: "We the jury find Loyd Ranels guilty as charged in the indictment."

The validity of the conviction is attacked upon the contention that such verdict of the jury failed to assess a punishment, or to make a finding that appellant had been previously con-

victed of two or more of the felonies less than capital alleged in the indictment.

In this collateral attack, relator is not entitled to relief unless the judgment of conviction is void. See Ex Parte Brown, 145 Tex. Cr. R. 39, 165 S.W. 2d 718.

In Ex Parte Brown, supra, the trial court instructed the jury that in the event they found the defendant guilty of the primary offense charged and also found that he had been previously convicted for three other offenses alleged in the indictment then they would find the defendant guilty of the offense charged in the indictment. A verdict in the form suggested in the court's charge, "We, the jury, find the defendant guilty," was upheld by this court as sufficient to sustain a judgment assessing a life term under Art. 63, P.C.

Also, we take it that if upon the trial it should be stipulated or agreed that the defendant was previously convicted, as alleged in the indictment, it would not be necessary to submit such matter to the jury for their finding, nor to have the jury assess the punishment. In the absence of an objection, this would undoubtly be true. In such case the punishment is definitely fixed by Art. 63, P.C., for a third conviction of a felony less than capital, at confinement in the penitentiary for life.

The judgment is not void upon its face. If there be irregularities in the judgment, they are such as could have been corrected upon appeal.

Nor can we agree that the record shows that the trial court rendered a verdict against appellant upon an issue that should have been passed on by the jury.

Whether there was an issue made, or an admission regarding the prior convictions alleged could be determined only from an examination of the evidence and proceedings at the trial at which appellant was convicted. Such record is not before us. If it was, we would not be authorized to consider it in this proceeding.

The sufficiency of the evidence to support the allegations of the indictment may not be inquired into in this proceeding. The writ of habeas corpus cannot serve as a substitute for an appeal See Ex Parte Pruitt, 139 Tex. Cr. R. 438, 141 S.W. 2d 333, and other cases under Key, Habeas Corpus (4), Texas Digest.

Relator's application for release from the penitentiary is denied, and he is remanded to the custody of the penitentiary authorities.

Opinion approved by the court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Relator complains that the indictment is insufficient to charge more than one prior conviction for a felony less than capital which was available for the purpose of enhancement of punishment.

The primary charge in the indictment was for the offense of robbery which offense, in the absence of an allegation that firearms were used, carries a maximum punishment of confinement in the penitentiary for life.

A conviction for burglary was then alleged prior to the commission of said offense of robbery.

Robbery and burglary with intent to commit theft are offenses of the same nature. See Farris v. State, 155 Tex. Cr. R. 261, 233 S.W. 2d 856.

The indictment therefore was sufficient without further allegations to sustain a conviction and a life term under Art. 62, P.C.

Relator's motion for rehearing is overruled.