## T. J. JACKSON V. STATE.

No. 29,554. February 19, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 9, 1958.

*Joe J. Newman* and *Samuel W. Freas,* Houston, for appellant. (On appeal only.)

*Dan Walton,* District Attorney, *Thomas D. White* and *Howell E. Stone,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is unlawfully passing as true a forged instrument; the punishment, enhanced by four prior convictions for felonies less than capital, life.

The record contains no formal bills of exception. No objections or exceptions to the court's charge were reserved, and no charges were requested.

The indictment alleged a prior conviction "of the offense of passing a worthless check, a felony," in 1941 and one in 1944 for "the offense of unlawfully passing worthless check, a felony." It alleged a prior conviction in 1947 for "the offense of passing a forged instrument, a felony" and a conviction for "the offense of unlawfully give and draw a worthless check, a felony," in 1950.

The indictment is attacked for the first time in this court, the contention being that there is no such offense under Texas Law as "passing a worthless check;" "unlawfully passing a worthless check;" or "unlawfully give and draw a worthless check."

Square v. State, 142 Texas Cr. Rep. 493, 154 S.W. 2d 852, is cited. The holding in Square v. State was not followed in the later case of Romines v. State, 155 Texas Cr. Rep. 15, 229 S.W. 2d 805, and is in conflict with the earlier case of Larkin v. State, 134 Texas Cr. Rep. 44, 113 S.W. 2d 553.

We adhere to the holding in the Romines and Larkin cases.

The second count of the indictment alleged that appellant, after the judgments of conviction in the four felony cases alleged had become final, "did knowingly pass and attempt to pass as true to James E. Brock a forged instrument in writing," the instrument being a chattel mortgage set out in the indictment.

The court in his charge submitted the case to the jury upon the second count but authorized a conviction only upon a finding that appellant knowingly passed the forged instrument to James E. Brock.

It is well settled that the indictment may charge the passing of a forged instrument and an attempt to pass such instrument in the same count. Branch's Ann. P.C., 2d Ed., Sec. 528.

In Lieb v. State, 163 Texas Cr. Rep. 1, 288 S.W. 2d 110, cited by appellant, the indictment was not found insufficient because both passing and attempting to pass the forged instrument were charged in the same count.

The count of the indictment under which Lieb was found guilty of passing as true a forged instrument to Homer Carter was held, by the majority, insufficient to support such conviction because it failed to allege that the instrument was passed to Homer Carter. The offense of attempting to pass was not submitted to the jury in the Lieb case and the sufficiency of the indictment in charging that offense was not before us.

The prior convictions alleged in the indictment were established by certified copies from the record of the Texas Department of Corrections and the stipulation that the defendant "is one and the same person who has been heretofore convicted in the cases set out in the indictment" and "that said convictions became final prior to this alleged offense."

The chattel mortgage set out in the indictment was offered in evidence, purportedly signed by one Eddie Mae Thomas, whose residence was shown as 2003 Live Oak.

Eddie Mae Thomas, a former debtor and customer of the mortgagee and of appellant, testified that she did not sign the mortgage or authorize its signing and the evidence shows that she had never resided at 2003 Live Oak.

The state's evidnce further showed that appellant's name appeared on the mortgage as a witness to the signature of Eddie Mae Thomas and as assignor; and that he lived at 2003 Live Oak.

The instrument offered in evidence and set out in the indictment purports to be a chattel mortgage signed by Eddie Mae Thomas, mortgagor, in favor of American Family Loan Co., Inc., to secure the payment of mortgagor's indebtedness to mortgagee in the sum of $315.00 payable $31.50 per month.

James E. Brock testified that appellant brought the mortgage to him at his office and placed his signature to the assignment in his presence, and he accepted the mortgage, discounted it and gave appellant a check payable to him for $212.63 in exchange for the mortgage. The cancelled check bearing appellant's endorsement was offered in evidence.

The evidence further shows that appellant made a number of payments on this mortgage before default was made and Mr. Brock learned for the first time that Eddie Mae Thomas was not paying the installments to appellant, and that she denied having signed the mortgage.

R. O. Queen, whose qualification as an expert in handwriting was admitted, compared the signature on the mortgage purported to be that of Eddie Mae Thomas with an instrument in her known handwriting and expressed the opinion that the writing and the signature were not written by the same person.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.