**Lawrence Pat SCHMEIDEBERG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40056.**

Court of Criminal Appeals of Texas.

May 3, 1967.

Rehearing Denied June 14, 1967.

Carl E. F. Dally, Houston (By Court Appointment on Appeal Only), of Briscoe, Dally & Shaffer, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gerald Applewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION
ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Our prior opinion affirming the conviction is withdrawn.

The indictment alleged the offense of robbery by assault and for enhancement of punishment alleged two prior convictions.

The jury found appellant guilty of the primary offense of robbery and the defendant elected to have the same jury assess the punishment.

The jury, being authorized by the court's charge to do so, found that appellant had been convicted "of the offense of burglary as alleged in paragraph 2 of the indictment," and assessed his punishment "as prescribed by law" at confinement in the penitentiary for life.

The second conviction alleged for enhancement purposes was not submitted in the court's charge.

It is apparent that the indictment was drawn for the purpose of enhancing the punishment under Art. 63, Vernon's Ann. P.C. by reason of two prior convictions

for felonies less than capital, and punishment was enhanced under the provisions of Art. 62 P.C. by reason of a prior conviction "of the same offense, or one of the same nature."

The prior conviction alleged in the indictment and referred to in the jury's verdict was for the offense of "Burglary."

The indictment did not allege in terms that said prior conviction was for the same offense or was for an offense of the same nature, or was a like offense, nor did the indictment allege that the prior conviction was for burglary with intent to commit the crime of theft.

Burglary with intent to commit theft and robbery are offenses of the same nature. Davis v. State, 167 Tex.Cr.R. 524, 321 S.W.2d 873; Ex parte Ranels, 155 Tex. Cr.R. 560, 237 S.W.2d 317; Farris v. Texas, 155 Tex.Cr.R. 261, 233 S.W.2d 856; Branch's Ann.P.C.2d Ed., Sec. 698.

In Farris v. Texas, 155 Tex.Cr.R. 261, 233 S.W.2d 856, this Court held that the only burglary that is an offense of like character to robbery would be a burglary with intent to steal, but held that the allegation that the prior conviction was "for the offense of Burglary, an offense of the same nature as charged in paragraph 1 (robbery by assault)" was sufficient.

The same rule was applied in Tucker v. State, 155 Tex.Cr.R. 304, 234 S.W.2d 877.

In the absence of allegations from which the court could determine as a matter of law that the prior conviction was for the same offense or an offense of the same nature or a like offense to the felony offense charged in the indictment, the conviction with punishment enhanced under Art. 62 P.C. cannot stand. Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.2d 935.

The judgment is reversed and the cause remanded.