**Ex parte J. F. ROMINES.**

No. 40696.

Court of Criminal Appeals of Texas.

Oct. 11, 1967.

Paul Lyle, Plainview, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Petitioner is confined in the Department of Corrections under a life sentence from Hale County growing out of robbery by as-sault with prior convictions alleged for enhancement. This conviction was affirmed by this Court in Romines v. State, 155 Tex.Cr.R. 15, 229 S.W.2d 805.

Application for writ of habeas corpus was made to the Honorable James A. Joy, Judge of the District Court of Hale County, in which it was alleged that the Hale County conviction was void because petitioner was indigent and was not represented by an attorney when he was tried in the District Court of Lamb County for the offense of felony theft in 1938, which was one of the prior convictions alleged for enhancement in the Hale County robbery conviction. The Hale County indictment alleged three rather than two prior convictions.

At the hearing before Judge Joy it was developed without controversy that petitioner was not represented by counsel at his 1938 trial in Lamb County, that he was indigent and that his request for counsel was denied by the Judge presiding at such trial. Petitioner admits, however, that he was represented by counsel when he was tried and convicted for the offense of felony theft in Lubbock County in 1942, which was one of the prior convictions used to enhance.

This Court has held in Dickey v. State, 169 Tex.Cr.R. 576, 336 S.W.2d 165, and Thompson v. State, 339 S.W.2d 209, that felony theft is an offense of like character to the offense of robbery by assault.

The punishment under Article 1408 and Article 62, Vernon's Ann.P.C. for a second conviction for robbery is life imprisonment.

In Ex parte Ranels, 155 Tex.Cr.R. 560, 237 S.W.2d 317, this Court held that an indictment which charged no-capital offense of robbery with a prior conviction for burglary with intent to commit theft is sufficient to sustain a conviction under Article 62, supra.

Since no attack is made upon the Lubbock County conviction and since under Articles 1408 and 62, supra, petitioner's confinement under a life sentence is authorized, the relief prayed for is denied.