**Ex parte L. D. LARKIN.**

**No. 40886.**

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Houston McMurry, Henrietta, for petitioner.

Crawford Martin, Atty. Gen. of Texas, Monroe Clayton, Asst. Atty. Gen., Austin, and Frank Douthitt, County Atty., Henrietta, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Petitioner's conviction as a third offender with punishment for life was affirmed by this Court in Larkin v. State, 134 Tex.Cr.R. 44, 113 S.W.2d 553.

On September 5, 1967, petitioner applied to the District Court of Clay County for a writ of habeas corpus alleging among other things that he was not represented by competent counsel at the time of his original conviction. A hearing was had with petitioner and his court appointed counsel present, at the conclusion of which the Judge filed his findings of fact and conclusions of law as required by Article 11.07, Vernon's Ann.C.C.P. as amended in 1967 SB 145, Acts 60th Legislature, p. 1732 (at p. 1734) as follows:

(1) That petitioner was indigent and was represented at the time of his conviction by court appointed attorney.

(2) Though a licensed attorney, his court appointed lawyer (naming him) had

during the ten years prior to petitioner's conviction appeared only two times under court appointment and had not appeared as attorney for the plaintiff or defendant in any other case.

(3) That court appointed attorney issued no process for witnesses, though petitioner requested that he do so, that he made no argument to the jury and did not cross examine any witness or make any objections to any of the State's testimony or any objections to the court's charge.

(4) That court appointed attorney never at any time maintained a law office, was never a member of any law firm, never held himself out to the public as a practicing lawyer and never at any time relied upon the practice of law for a livelihood.

(5) That court appointed attorney was not a competent attorney and was not capable of adequately defending the rights of a defendant upon the trial of a case.

It appearing that petitioner was denied the effective aid of counsel at his trial, the writ of habeas corpus is granted, and he is ordered released from custody under his 1937 conviction in Cause No. 3197 in the District Court of Clay County and delivered to the Sheriff of Clay County to answer to the indictment pending against him in said cause.

It is so ordered.