**Stanley CEDARGREEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41396.**

Court of Criminal Appeals of Texas.

July 10, 1968.

Zorn, Girardeau & Pfennig, by J. W. Girardeau, Baytown, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for attempting to pass as true a forged instrument; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior non-capital felony convictions, life imprisonment.

The indictment contained two counts, the first count charging the offense of forgery and the second count charging the offenses of passing and attempting to pass as true a forged instrument.

The issue of appellant's guilt under the second count was submitted to the jury, and the jury by their verdict found appellant guilty of the offense of attempting to pass as true a forged instrument.

It was shown by the state's evidence that on July 8, 1966, the date alleged in the indictment, the appellant drove up to a drive-in window of the Southern National Bank in Houston and presented to Miss Malveen Chandler, the teller, a forged check in the sum of $112.82 to be cashed. After appellant placed the check in the drawer and it was pulled in by Miss Chandler and examined, a detective who was in the booth with her went outside and placed appellant under arrest. It was further shown that appellant had also appeared at the same teller's window on July 6 and July 7 and presented for payment two forged checks, drawn on the same account.

Five grounds of error are urged by appellant in his brief filed in the trial court.

■ Ground #1 complains of, that portion of the court's charge on guilt or innocence which informed the jury of the punishment prescribed by law for the primary offense of passing or attempting to pass as true a forged instrument.

No objection was made by appellant to the charge, as required by Art. 36.14, Vernon's Ann.C.C.P., and his complaint is not before this court for review. It is observed, however, that the case was tried prior to the amendment of Art. 37.07, C.C.P., in 1967, which omitted the requirement that such an instruction be given in the court's charge on guilt or innocence. Further, that portion of the statute, Art. 37.07, supra, which required the court to instruct the jury as to the punishment was by this court upheld as valid, in Ashworth v. State, Tex.Cr.App., 418 S.W.2d 668.

The ground of error is overruled.

In his second and third grounds of error, appellant insists that the court erred in "allowing the jury to consider extraneous offenses" and "in failing to limit his instruction to the jury on the matter of guilt or innocence as to the nature and extent of the extraneous offenses."

■ Appellant raised the issue of his identity at the trial, and the evidence of his passing other forged checks to the same teller at the bank—although extraneous offenses—was admissible on such issue as an exception to the general rule. 23 Tex. Jur.2d 304, Evidence, Sec. 197.

■ In the absence of an objection to the court's charge, appellant's complaint to

the court's instruction to the jury limiting its consideration of the extraneous offenses is not before us for review.

The grounds of error are overruled.

In his fourth ground of error, appellant urges a fatal variance between the pleadings and the proof because the second count of the indictment charged that he did fraudulently *pass and attempt to pass* the forged instrument and there was no proof that he did pass the same.

It is the established rule that an indictment may charge the passing of a forged instrument and an attempt to pass such instrument in the same count. Jackson v. State, 166 Tex.Cr.R. 77, 311 S.W.2d 414.

In Smith v. State, 81 Tex.Cr.R. 534, 197 S.W. 589, it was held that the passing of a forged instrument includes an attempt to pass, and both passing and attempting to pass may be alleged in the same count.

While the charge given by the court, to which there was no objection, authorized the jury to convict appellant upon a finding that he did knowingly pass *and* attempt to pass the instrument in question, the form of verdict furnished by the court to the jury, besides that of not guilty, was for a finding that appellant did *attempt to pass* as true the forged instrument in writing.

The jury returned the verdict finding appellant guilty of attempting to pass the check in question. The evidence is sufficient to support their verdict, and the claim of variance is overruled.

In his fifth and last ground of error, appellant insists that the court's judgment reciting that he is guilty of *passing* as true a forged instrument in writing is fatally defective and void because it is at variance with the jury's verdict finding him guilty of fraudulently *attempting to pass* as true a forged instrument in writing.

Such variance is not fatal, as the judgment may be reformed to adjudge appellant guilty of *attempting* to pass as true a forged

instrument in writing so as to conform to the verdict of the jury. Peterson v. State, 157 Tex.Cr.R. 255, 248 S.W.2d 130.

The sentence is also reformed to conform to the judgment.

As reformed, the judgment is affirmed.