**Ex parte J. F. ROMINES.**

**No. 41777.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Day, Owen & Lyle, by Paul Lyle, Plainview, for petitioner.

Frank Stovall, Dist. Atty., Plainview, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This habeas corpus proceeding is a continuation of petitioner's efforts to be released from confinement in the Department of Corrections where he is serving a life sentence from Hale County. A prior effort was unsuccessful. Ex parte Romines, Tex.Cr.App., 419 S.W.2d 358.

Petitioner was gracious in not pointing out that we were in error in our prior opinion in that we stated that the Hale County indictment had charged three rather than two prior convictions. We, however, have discovered such error and readily admit the same.

In the 1968 hearing petitioner confirmed his prior testimony given at the 1967 habeas corpus hearing, reported at 419 S.W.2d 358, that he was represented by counsel in his prior Lubbock County conviction.

We must now approach petitioner's contention that Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, decided since our last opinion was rendered, entitles him to relief. The prior convictions as alleged in the original indictment (see Romines v. State, 155 Tex.Cr.R. 15, 229 S.W.2d 805) were not "presumptively void" as were the prior convictions in Burgett. In fact, it was shown that the Lubbock County conviction was in all things regular at both the 1967 and the 1968 hearing. The punishment assessed at life by the court upon the jury's finding that petitioner was the same person who had been convicted in Lubbock County (upon which no attack has been made) as well as the Lamb County conviction, was authorized by Art. 62, Vernon's Ann.P.C., and the cases cited in our prior opinion (419 S.W.2d 358).

The relief prayed for is again denied.

ONION, Judge (dissenting).

I am in full accord with the trial judge's findings that the petitioner is entitled to the relief sought. Petitioner was not represented by counsel at the time of his 1938 Lamb County conviction. At such time he was indigent and did not waive his right to counsel. In fact, the trial court denied his request for counsel. These facts are not disputed.

This prior but invalid conviction was utilized to obtain petitioner's conviction as an habitual criminal in Hale County in 1949. Such invalid conviction was introduced before the jury prior to their determination of the petitioner's guilt for the instant or primary offense of robbery. Despite instructions not to consider the same on the issue of guilt, the petitioner suffers anew from such deprivation of his Sixth Amendment rights, for such instructions are not deemed sufficient. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

I respectfully dissent. Burgett v. Texas, supra.

WOODLEY, P. J., joins in this dissent.

OPINION ON PETITIONER'S
MOTION FOR REHEARING

MORRISON, Judge.

We have concluded that the majority was in error in our original opinion and that the following sentence found in the opinion of the Supreme Court of the United States in Burgett v. Texas, supra, is determinative of this application for relief. It is as follows:

"To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case."

It would appear that the Court is saying, as applied to this case, that because the void conviction was at the one-stage Hale County trial introduced to the jury prior to their determination of petitioner's guilt or innocence, it is impossible to tell whether or not they were influenced by such void prior conviction in finding petitioner guilty of the primary offense. The conclusion that the void conviction was used against petitioner in his Hale County trial within the meaning of Burgett is inescapable.

The motion for rehearing is granted, the prior order denying relief is set aside and the petitioner is entitled to be discharged from the Department of Corrections for delivery to the Sheriff of Hale County, there to stand trial on that portion of the indictment which alleges the primary offense and that portion thereof which alleges the prior Lubbock County conviction.

It is so ordered.

DOUGLAS, J., not participating.