**Ex parte Luther Monroe BRAMMER.**

No. 42664.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

A. W. Salyers, Lubbock, for appellant.

Blair Cherry, Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This habeas corpus proceeding is brought by petitioner to secure his release from confinement in the Department of Corrections where he is serving a life sentence.

With two prior non-capital felonies alleged for enhancement, petitioner was convicted in Lubbock County in 1959 for the offense of burglary. A hearing was held on said application in the 99th District Court of Lubbock County, and Judge Davison filed his findings of fact and conclusions of law together with the record of such hearing. They both support petitioner's contention, that at his trial for one of his prior offenses alleged for enhancement in the 1959 Lubbock County conviction, he was indigent, was not represented by counsel, did not waive his right to counsel, did not waive counsel at sentencing, and that such conviction was therefore void.

Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, and Ex Parte Romines, Tex.Cr.App., 436 S.W.2d 342, are authorities for our order that he be discharged from the Department of Corrections for delivery to the Sheriff of Lubbock County, there to stand trial on that portion of the indictment which alleged the primary offense, and that portion thereof which alleges the prior 1951 Lubbock County conviction.

It is so ordered.