**Stanley CEDARGREEN, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 72–H–607.**

United States District Court, S. D. Texas, Houston Division.

June 27, 1972.

**1304**

Sam A. Maida, Houston, Tex., for petitioner.

William R. Travis, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER:

SEALS, District Judge.

Petitioner, a prisoner in State custody, was convicted by a jury in the 180th District Court of Harris County, Texas, on May 30, 1967, of unlawfully passing a forged instrument. On the basis of two prior felony convictions, Petitioner was sentenced to life imprisonment. Conviction was affirmed by the Court of Criminal Appeals, Tex.Crim.App., 432 S.W.2d 524 (1968). Petitioner subsequently sought habeas corpus relief in the convicting court which held an evidentiary hearing on March 23, 1972, and made written findings of fact and conclusions of law. The Court of Criminal Appeals affirmed the trial court's findings on April 12, 1972, by denying without written order Petitioner's application for writ of habeas corpus. Petitioner thereupon initiated the present action in federal court. The case is presently before the Court on Respondent's motion to dismiss.

Petitioner here alleges 1) that he was forced to trial in jail clothes, even after requesting civil clothes, which were available to him; and 2) that he was denied the effective assistance of counsel. Both these contentions were raised at Petitioner's State habeas hearing. The 56-page record of that proceeding is before this Court. Petitioner himself testified, and, in addition, offered the testimony of the two court-appointed attorneys who represented him at the State trial which is the basis of this complaint. The State presented the testimony of the former assistant district attorney who prosecuted Petitioner.

On the day after Petitioner's hearing, Judge Hooey made written findings of fact, among which are included the following:

" * * *

"2) Appellant was not tried in jail clothes but was tried in civilian clothes.

"3) Appellant's counsel knew at the time of trial that the Judge of

the 180th District Court of Harris County, Texas, who presided at the trial, would see that any defendant who asked to be tried in civilian clothes instead of jail clothes was enabled to be tried in civilian clothes.

"4) The defendant in Cause No. 122,267, styled The State of Texas v. Stanley Cedargreen was represented by James Garrett and Daniel O'Connell, and received effective assistance of counsel from them in that trial.

"5) Appellant's counsel did consult with him prior to trial.

"6) Appellant's counsel did voir dire the jury extensively in selection of jury and did, with appellant's participation, strike the jury list."

Having disposed of Petitioner's factual contentions, Judge Hooey concluded with the statement that

"The Court finds as a matter of law that appellant's application for Habeas Corpus should be denied and he should be remanded to the Texas Department of Corrections."

Respondent argues that Petitioner's complaint in federal court should be dismissed on the basis of these State court findings.

The Supreme Court, in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), announced the principle that a federal district court must grant an evidentiary hearing under the following circumstances:

"If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." *Id.*, at 313, 83 S.Ct. at 757.

These guidelines have been amplified and clarified in this Circuit in numerous cases since *Townsend.* See, e. g., Allen v. Stynchcombe, 421 F.2d 1399 (C.A. 5, 1970); Ryan v. Wainwright, 424 F.2d 198 (C.A. 5, 1970); Richardson v. State of Texas, 425 F.2d 1372 (C.A. 5, 1970).

■ With regard to the issue of jail clothes, the convicting court made the express finding that Petitioner was not tried in jail clothes but in civilian clothes. A thorough review of the record amply supports this finding. The Court is convinced that Petitioner secured a full and fair hearing on this issue, and that the trial judge was correct in reaching the conclusion that Petitioner was in fact not tried in jail clothes.

■ Petitioner's second contention—that he was denied the effective assistance of counsel—was also rejected by the convicting court. Petitioner here makes three specific allegations: 1) that neither of his court-appointed attorneys consulted with him prior to trial; 2) that counsel failed to prevent the introduction into evidence of two extraneous offenses; and 3) that counsel did not participate in the voir dire examination of the jury.

The trial judge found as a fact that Petitioner's counsel did consult with him prior to trial and that these attorneys did participate in the voir dire examination of the jury. Both these allegations were fully developed at the evidentiary hearing and both findings are fairly supported by the record.

■ The convicting court did not examine Petitioner's contention regarding

extraneous offenses. But that point was raised on Petitioner's original appeal to the Court of Criminal Appeals, which held the extraneous offenses admissible "as an exception to the general rule." Cedargreen v. State, 432 S.W.2d 524, 525 (1968). Admissibility of evidence is not an issue which is generally cognizable on federal habeas corpus. Gephart v. Beto, 441 F.2d 319 (C.A. 5, 1971); Williams v. Wainwright, 427 F.2d 921 (C.A. 5, 1970). Since the highest State appellate court has ruled that evidence of extraneous offenses was here admissible, it follows that counsel may not be faulted for failure to object to its introduction.

■ The trial court affirmatively found that Petitioner was not denied the effective assistance of counsel. Such a finding is a legal conclusion, and the federal district court may not defer to the State court's findings of law. Townsend v. Sain, supra, at 318, 83 S. Ct. 745, 9 L.Ed.2d 770. Judge Hooey buttressed his conclusion, however, by making specific rulings on two of the examples which Petitioner cites to demonstrate the inadequacy of his court-appointed counsel. Those points were resolved after a full and fair hearing, and the judge's conclusions are amply supported by the record. Petitioner's third point, as was earlier indicated, was resolved adversely to him on his original appeal.

After a thorough and meticulous review of the record of the State habeas hearing, the Court concludes: 1) that Petitioner was afforded a full and fair hearing in the State convicting court; 2) that the findings of the State court are fully supported; 3) that Petitioner was not tried in jail clothes, but in civilian clothes; and 4) that Petitioner was not denied the effective assistance of counsel. No purpose could be served by requiring a further evidentiary hearing on these matters. Accordingly, Petitioner's application for writ of habeas corpus is denied and this case is dismissed.