John H. **MONE**

v.

Carl **ROBINSON**, Warden Connecticut Correctional Institution at Somers.

Civ. No. H-75-296.

United States District Court,
D. Connecticut.

Jan. 20, 1976.

Stephen Wizner, Yale Legal Services Organization, New Haven, Conn., Mi-chael J. DeGregorio, Pittsfield, Mass., for plaintiff.

Richard F. Banbury, Chief Asst. State's Atty., Hartford, Conn., for defendant.

RULING ON MOTION
TO DISMISS

BLUMENFELD, District Judge.

The petitioner, John H. Mone, seeks a writ of habeas corpus on the grounds that his plea of guilty to the charge of conspiracy to commit kidnapping in the second degree was involuntary, and was the result of ineffective assistance of counsel. Jurisdiction exists pursuant to 28 U.S.C. § 2254.

The defendant has filed this motion to dismiss, arguing that since the identical claims were decided against the petitioner in a habeas action in state court, this petition is barred by the provisions of 28 U.S.C. § 2254(d). The relevant part of that section reads:

> "(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding . . . shall be presumed to be correct . . . ."

The defendant, however, misconstrues the effect of § 2254(d). Assuming that the petitioner cannot bring his action within one of the enumerated exceptions to the statute, the effect is not to bar the petition, but merely to create an evidentiary presumption against the petitioner concerning the facts which have been found by the State courts.[1] The

---

1. "Further, if none of the eight deficiencies is shown, the effect of this is, not to negate the power of the judge to call for a hearing, but, confusingly, to shift to the petitioner

petitioner may still be able to present the "convincing" evidence necessary to overcome this presumption. This is made clear by the rest of the section which states:

"And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made . . . the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous."

Furthermore, although it is not necessary for me to reach the merits of the argument presented in order to pass on this motion, it may be noted that at least one court has considered the issue of effective representation by counsel to be a question of law, not of fact, and therefore outside the scope of § 2254(d). *Cedargreen v. Beto*, 343 F.Supp. 1303, 1306 (S.D.Tex.), *aff'd*, 469 F.2d 1405 (5th Cir. 1972), *cert. denied*, 414 U.S. 914, 94 S.Ct. 259, 38 L.Ed.2d 152 (1973).[2]

The motion to dismiss is denied. The defendant shall file a return within ten days of this decision. The parties are requested to file briefs concerning the need for an evidentiary hearing and, if they desire, the weight to be accorded to the state court determination for the purposes of this petition.

So ordered.

the burden to show at a hearing that the state findings were erroneous."
H. Hart & H. Wechsler, *The Federal Courts and The Federal System*, 1505 n. 7 (2d ed. 1973).

2. Section 2254(d) is, at least in part, a codification of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *United States ex rel. Hughes v. McMann*, 405 F.2d 773, 776 (2d Cir. 1968). In *Townsend* the Supreme Court stated:

"Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be given binding weight on habeas."
372 U.S. at 318, 83 S.Ct. at 760. *Cf. La-Vallee v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973).